IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-374-F
No. 5:12-CV-163-F

| | |
|---|---|
| VICARA KENARIE DAVIS, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate [DE #30]. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). These matters were referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motion be denied and the government's motion be granted.

**STATEMENT OF THE CASE**

On April 12, 2010, Petitioner pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On July 21, 2010, the court sentenced Petitioner to an 87-month term of imprisonment. Petitioner appealed his sentence, and the Fourth Circuit affirmed the judgment of the district court on June 8, 2011. Petitioner did not

petition for certiorari to the Supreme Court, and the judgment became final in September 2011. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts that his sentence should be vacated and that he should be resentenced in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Petitioner argues that under *Simmons*, he no longer has two predicate felony convictions as required to apply a base-offense level of 24 under the *United States Sentencing Guidelines Manual* § 2K2.1(a)(2). A defendant receives a base-offense level of 24 if he "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2009). Under the case law at the time of Petitioner's sentencing, Petitioner had been convicted of two such felonies. One of the felonies was a conviction for possession with the intent to sell/deliver cocaine from October 2007 for which Petitioner received a sentence of 10-12 months. However, subsequent to Petitioner's sentencing, *Simmons* held that whether a prior offense is a felony under North Carolina law depends upon the maximum sentence that particular defendant faced. *Simmons*, 649 U.S. at 241-47. Thus, upon the application of *Simmons*, Petitioner has only one predicate felony under the sentencing guidelines. Petitioner did not raise this issue on appeal.

Because Petitioner did not raise his claim on direct appeal, he has procedurally defaulted. Under the general rule, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Procedurally defaulted claims can nevertheless be reviewed on federal habeas review if the petitioner demonstrates "cause and prejudice" or shows that he is "actually innocent" of the charges against him. *Murray v. Carrier*,

477 U.S. 478, 485 (1986). "Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Whiteside v. United States*, No. 13-7152, at *12-13 (4th Cir. 2014) (en banc) (Westlaw). "The demands of finality oblige a petitioner to raise those claims that might possibly have merit even where 'he thinks [the court] will be unsympathetic to the claim;' otherwise the claim is considered procedurally defaulted." *Whiteside*, No. 13-7152, 775 F.3d 180, 185 (4th Cir. 2014) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 (1982)) (alteration in original).

As of the time of Petitioner's appeal, there was a legal foundation on which to present his claims. *See Harris v. United States*, No. 5:08-CR-156-D-1, 2012 WL 6184832, at *5 (E.D.N.C. Dec. 11, 2012) (citing *United States v. Rodriguez*, 553 U.S. 377, 388 (2008); *United States v. Pruitt*, 545 F.3d 416, 423 (6th Cir. 2008)). Thus, Petitioner's claim was not "futile," and Petitioner has not shown cause as to why he did not raise his claim on appeal. Moreover, Petitioner is not able to demonstrate that he is actually innocent of the offense. *See Bousley*, 523 U.S. at 623 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") Therefore, Petitioner is procedurally barred from bringing his § 2255 motion.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error,

3
Case 5:09-cr-00374-BO   Document 41   Filed 02/20/15   Page 3 of 4

from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 19th day of February 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge